UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOE BALTAS, *Plaintiff*, | : : : : | |
| v. | : : | No. 3:23-cv-0764 (VAB) |
| SHANNON BOWERS, et al, *Defendant*s. | : : : : | |

**ORDER**

Before the Court is Plaintiff Joe Baltas's motion to compel discovery materials. ECF No. 64. Defendants filed a response, ECF No. 67, and Mr. Baltas filed a reply. ECF No. 68. The Court **DENIES** Mr. Baltas's motion without prejudice for reasons that follow.

Mr. Baltas filed a motion to compel discovery materials under Fed. R. Civ. P. 37(a). ECF No. 64 at 1. Mr. Baltas claims that Defendants have failed to fully respond to his discovery requests. *See id.* at 2–3. Defendants maintain that Mr. Baltas's motion should be denied because he failed to comply with Local Rule 37 before filing his motion to compel. ECF No. 67 at 4. Mr. Balta responds that Local Rule 37 does not apply to *pro se* litigants, and even if it did, he attempted to comply with it, to the extent he could. ECF No. 68 at 2–3.

Local Rule 37(a) provides, in relevant part, that "[n]o motion pursuant to Rules 26 through 37, Fed. R. Civ. P. shall be filed unless counsel making the motion has conferred, in person or by telephone, with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution." LR 37(a). The Rule further provides that "In the event the consultations of counsel do not fully resolve the discovery issues, counsel making a discovery motion shall file with the Court, as a part of the motion papers, an affidavit certifying that he or she has conferred with

counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court, and has been unable to reach such an agreement." *Id.* The Rule also provides that "If some of the issues raised by the motion have been resolved by agreement, the affidavit shall specify the issues so resolved and the issues remaining unresolved." *Id.*

Despite Mr. Baltas's arguments to the contrary, *see* ECF No. 68 at 3, Local Rule 37 applies to *pro se* litigants. "Plaintiffs, although they are proceeding pro se, are bound to comply with the provisions of the Federal Rules...as well as this District's Local Rules." *Mayes v. Griffin Hosp.*, No. 3:20-CV-1700 (CSH), 2021 WL 3795335, at *2 (D. Conn. 2021) (citing *Gonzalez v. Ocwen Home Loan Servicing*, 74 F. Supp. 3d 504, 522 (D. Conn. 2015) ("Even with the Court's exercise of leniency toward pro se litigants, affording them 'special solicitude,' as directed by the Second Circuit, pro se litigants are expected to comply with the Federal Rules of Civil Procedure." (citations omitted)). *See also Guest v. Alzheimer's Res. Ctr.*, No. 3:08-CV-1247 (AWT), 2009 WL 1407284, at *3 (D. Conn. May 19, 2009) ("A party's pro se status does not excuse her from complying with the Federal Rules of Civil Procedure and this court's Local Rules.").

Mr. Baltas cites to an order from one of his own cases in support of his assertion that the Local Rules do not apply to pro se parties. *See* ECF No. 68 at 3 (citing ECF No. 111 in *Baltas v. Chapdelaine et al*, 3:17-cv-00242 (D. Conn. 2017)). But that text order discusses a *pro se* litigant's ability to "avail himself of 28 U.S.C. Sec. 144," not comply with the Local Rules. Mr. Baltas further argues that Local Rule 37(a) does not apply to him because the rule "specifically asserts 'counsel' must confer with 'opposing counsel,'" and "[t]he Pro Se Plaintiff is not 'counsel.'" *Id.*.

While true that Mr. Baltas is not licensed to practice law, "[p]ro se plaintiffs necessarily play the simultaneous roles of attorney and witness and this is an accepted aspect of the right to self representation." *Justin F. v. Maloney*, No. 3:04CV1149(MRK), 2004 WL 3078811, at *1 (D. Conn.

Dec. 21, 2004) (*O'Reilly v. New York Times Co.*, 692 F.2d 863, 870 (2d Cir.1982) (the ability of a pro se plaintiff to "play two roles, one as witness and one as advocate, applies in every case of self-representation; if this is an evil, it is one which the first Congress was willing to countenance and which none of its successors has seen fit to remedy"). While acting as "counsel" to himself, the Local Rules apply to Mr. Baltas.

Because the Local Rules apply to Mr. Baltas, he must follow them—including Local Rule 37(a), which requires the parties to confer on discovery issues before filing a motion to compel. *See* LR 37(a). The parties' pleadings show that has not occurred. The Defendants' response also shows that such a conference would be fruitful for both parties. *See*, *e.g.*, ECF No. 67 at 5 (Defendants' indication that if Mr. Baltas had told them the privilege log was missing, they would have provided it); *id.* at 6 (discussing Mr. Baltas's misunderstanding of Defendants' response that could have been cleared up during conversation). The parties need to meet and confer under Local Rule 37(a). There appears to have been a misunderstanding regarding defense counsel's address, *see* ECF No. 67 at 3, but the parties now know where to find each other. The Court is aware that Mr. Baltas will not be able to communicate with defense counsel as readily as an attorney or even an out-of-custody *pro se* plaintiff, but the parties must find a way to discuss their discovery disputes before bringing them to the Court.

Because Mr. Baltas failed to comply with Local Rule 37(a) before filing his motion to compel, ECF No. 64, that motion is **DENIED** without prejudice.

SO ORDERED.

Dated this 26th day of April 2024 at New Haven, Connecticut.

                                              /s/ Victor A. Bolden
                                              Victor A. Bolden
                                              United States District Judge