UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOE BALTAS,<br>*Plaintiff*, | : : : | |
| v. | : : | No. 3:23-cv-0764 (VAB) |
| SHANNON BOWERS, et al,<br>*Defendant*s. | : : : : | |

**ORDER**

Before the Court are Plaintiff Joe Baltas's motion for prejudgment remedy, ECF No. 60, and motion to reclaim Plaintiff's motion for prejudgment remedy, ECF No. 61. Those motions are **DENIED**.

The Court permitted several of Mr. Baltas's claims to proceed in its Initial Review Order. *See* ECF No. 12 at 2. The Court denied Mr. Baltas's previously filed motions seeking a prejudgment remedy in that Order. *Id.* (citing ECF Nos. 4, 5). The Court reasoned that "[w]hile the Court has determined that Mr. Baltas has alleged sufficient facts to state a plausible claim for relief, Court cannot determine at this time the likelihood that Mr. Baltas will prevail and, even if he does, that judgment will enter in this amount." *Id.* at 25. Mr. Baltas filed an objection to the Court's denial of his motion for prejudgment remedy, ECF No. 16, which the Court construed as a motion for reconsideration. *See* ECF No. 17. Mr. Baltas's motion for reconsideration was denied because he "failed to provide allegations sufficient to consider the relief requested, much less have a hearing regarding any such relief." *Id.*

Mr. Baltas moves again for a prejudgment remedy, ECF No. 60, and moves to reclaim his first motion for prejudgment remedy denied in the initial review order. ECF No. 61 (citing ECF No. 4, 5).

Federal Rule of Civil Procedure 64(a) provides in relevant part that "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." The procedure for obtaining a prejudgment remedy under Rule 64 is governed by state law. *See Crispin v. Roach*, No. 3:20-CV-1184 (KAD), 2020 WL 6263185, at *9 (D. Conn. 2020); *see also Everspeed Enterprises Ltd. v. Skaarup Shipping Int'l*, 754 F. Supp. 2d 395, 401 (D. Conn. 2010) ("Rule 64 of the Federal Rules of Civil Procedure permits a plaintiff to utilize the state prejudgment remedies available to secure a judgment that might ultimately be rendered in an action.").

Under Connecticut law, "the court must weigh the probabilities in light of the evidence presented, and determine if the movant has shown probable cause to sustain the validity of its claim" when considering a motion for a prejudgment remedy. *SS & C Techs., Inc. v. Providence Inv. Mgmt.*, 582 F. Supp. 2d 255, 258 (D. Conn. 2008) (citing *Dunleavey v. Paris Ceramics,* 47 Conn. Supp. 565, 569 (Conn. Super. 2002)). "In assessing whether a prejudgment remedy should issue, the court must consider not only the substantiality of the evidence underlying the movant's claims, but also the apparent strength of the evidence underlying the opponent's defenses and set-offs." *Id.* (citing *Roberts v. Caton,* 224 Conn. 483, 487 n. 4 (1993) ("[A] valid defense may defeat probable cause.")). "The court therefore [ ] must balance the arguments and the evidence produced by both sides." *Id.* "Although the amount of damages in an application for a prejudgment remedy need not be determined with mathematical precision . . . , the record must

be sufficient for the court to make a fair and reasonable prediction as to likely damages." *Id.* (citing *Rafferty v. Noto Bros. Construction, LLC,* 68 Conn. App. 685, 693 (2002); *Kendall v. Amster,* 108 Conn. App. 319, 331 (2008)).

At this early stage, the Court is unable to determine probable cause because it has had no opportunity to consider "the apparent strength of the evidence underlying the opponent's defenses and set-offs," which may defeat probable cause. *Id.* In other words, the Court is unable at this time to "balance the arguments and the evidence produced by both sides," *SS & C Techs., Inc.*, 582 F. Supp. 2d at 258, because it has only heard from the Plaintiff. Further, damages at this point are speculative. Mr. Baltas seeks $100,000 from each defendant, ECF No. 60 at 1, but the Court is unable to determine whether that would be appropriate because the record is insufficient "for the court to make a fair and reasonable prediction as to likely damages." *SS & C Techs., Inc.*, 582 F. Supp. 2d at 258. It is too early in the case to make the determinations necessary to grant Mr. Baltas's motion for prejudgment remedy.

The Plaintiff's motion for prejudgment remedy, ECF No. 60, is **DENIED**, and the Court sees no reason, given the issues in this case, to reconsider a motion for prejudgment remedy. *See Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."). The Plaintiff's motion to reclaim plaintiff's motion for prejudgment remedy ECF No. 61 is denied as moot.

SO ORDERED.

Dated this 26th day of April 2024 at New Haven, Connecticut.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge