UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOE BALTAS,
*Plaintiff*,

v.

SHANNON BOWERS, et al,
*Defendant*s.

No. 3:23-cv-0764 (VAB)

**RULING AND ORDER**

Before the Court is Plaintiff Joe Baltas's Amended Complaint, [**ECF No. 59**], Defendants' objection to the Amended Complaint, [**ECF No. 62**], and Mr. Baltas's reply to Defendants' objection [**ECF No. 63**]. The Court has reviewed these pleadings, thoroughly reviewed all factual allegations in the Amended Complaint, and conducted further review of the allegations therein under 28 U.S.C. § 1915A(a).

Based on this further review, Mr. Baltas's Amended Complaint is **DISMISSED**.

Mr. Baltas's original complaint, ECF No. 1, remains the operative pleading.

**I.      BACKGROUND**

Mr. Baltas filed a *pro se* complaint naming fifteen Defendants, ECF No. 1 ¶¶10–24, and alleging numerous violations under federal and state law. *Id.* ¶¶ 157–195. In its initial review order, the Court dismissed all of these claims, except Mr. Baltas's First Amendment retaliation claim, Eighth Amendment excessive force claim, Eighth Amendment deliberate indifference claim, and his claim under state law for assault and battery. ECF No. 12 at 26–27.

Defendants were ordered to file an Answer or move to dismiss. *See id.* at 27. Defendants filed their Answer to the Complaint on November 28, 2023. ECF No. 43.

On January 8, 2024, Mr. Baltas moved for a thirty-day extension to amend his Complaint.

ECF No. 53. The Court granted that motion on January 10, 2024. ECF No. 54.

On February 6, 2024, Mr. Baltas filed an Amended Complaint. ECF No. 59. Mr. Baltas's Amended Complaint re-alleges all of his previous claims, *see id.* ¶¶ 185–223, 233–24, and alleges three new claims. *See id.* ¶¶ 224-232.

Defendants have objected to the Amended Complaint, arguing that: Mr. Baltas failed to comply with Fed. R. Civ. P. 15(a)(2) before filing the Amended Complaint; ECF No. 62 at 4–5, Mr. Baltas's dismissed claims should not be reconsidered; *id.* at 5–7, the new claims are misjoined; *id.* at 7–8, and the new claims fail on the merits. *Id.* at 8–10.

Mr. Baltas then filed a reply to this objection. ECF No. 63.

## II.   DISCUSSION

### A. Failure to Comply with Rule 15(a)(2)

Rule 15 governs amended and supplemental pleadings. Although the Court exercises leniency toward *pro se* litigants, affording them "special solicitude," as directed by the Second Circuit, *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 475 (2d Cir. 2006), *pro se* litigants are expected to comply with the Federal Rules of Civil Procedure, *McDonald v. Head Criminal Court Supervisor Officer,* 850 F.2d 121, 124 (2d Cir.1988), including Rule 15. Failure to follow the Federal Rules may result in dismissal of a *pro se* plaintiff's pleadings or claims. *Gonzalez v. United States*, No. 3:13-CV-650 CSH, 2014 WL 3738179, at *2 (D. Conn. July 29, 2014).

Rule 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Rule 15(a)(1)(A) does not apply because a complaint requires a responsive pleading. *Ramos v. Poore*, No. 15 CV 518, 2017 WL 1362017, at *1 (D. Conn. Apr. 11, 2017) (noting that a complaint is a pleading to which a responsive pleading is

required). "An answer is a responsive pleading." *ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 112 (2d Cir. 2012).

Defendants argue that Mr. Baltas's Amended Complaint was not filed in compliance with Fed. R. Civ. P. 15(a)(2). ECF No. 62 at 4–5. Defendants filed their Answer on November 28, 2023. ECF No. 43. Therefore, to amend his Complaint "as a matter of course" under Rule 15(a)(1)(B), Mr. Baltas had to file an Amended Complaint by December 19, 2023 (21 days from November 28, 2023). Mr. Baltas did not file an Amended Complaint by December 19, 2023. Instead, he filed a motion for extension to file an Amended Complaint on December 22, 2023,[1] ECF No. 53 at 2, three days after Rule 15(a)(1)(B)'s deadline expired.

Even though Mr. Baltas did not file a timely Amended Complaint under Rule 15(a)(1)(B) or a timely motion for extension of time to file an amended complaint under that subsection, he still could have filed an Amended Complaint under Rule 15(a)(2) "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). According to Defendants, "Plaintiff made no attempt to seek the consent of Defendants by contacting undersigned counsel." ECF No. 62 at 5. Mr. Baltas does not dispute this factual assertion in his reply. *See* ECF No. 63 at 1–2. Thus, Mr. Baltas had to seek leave of court to file an Amended Complaint under Fed. R. Civ. P. 15(a)(2).

Local Rule 7(f) requires that "Any motion to amend a party's pleading under Fed. R. Civ. P. 15(a) that requires leave of court shall (1) include a statement of the movant that: (i) the movant has inquired of all non-moving parties and there is agreement or objection to the motion; or (ii) despite diligent effort, including making the inquiry in sufficient time to afford non-movant a reasonable opportunity to respond, the movant cannot ascertain the position(s) of the non-movant(s)…" LR

---

[1] "Under the prison mailbox rule, a pro se prisoner's complaint is deemed filed upon its delivery to prison authorities for transmittal to the district court." *Sides v. Paolano*, 782 F. App'x 49, 50 (2d Cir. 2019). Mr. Baltas's motion for extension of time to file his amended complaint was not mailed until January 3, 2024. ECF No. 53-1. But because the record does not show when Mr. Baltas delivered the motion to prison authorities for transmittal to the district court, the Court will assume Mr. Baltas delivered the motion to prison authorities on December 22, 2023, when he signed and certified the motion. ECF No. 53 at 1–2.

7(f). *Pro se* plaintiffs "are bound to comply with the provisions of the Federal Rules...as well as this District's Local Rules." *Mayes v. Griffin Hosp.*, No. 3:20-CV-1700 (CSH), 2021 WL 3795335, at *2 (D. Conn. 2021) (collecting cases from this district).

Mr. Baltas did not file a motion that complied with LR 7(f) before filing his Amended Complaint. Mr. Baltas filed an untimely motion for extension of time to file an Amended Complaint under Fed. R. Civ. P. 15(a)(1)(B), *see* ECF No. 53, without leave of court to amend his Complaint under Fed. R. Civ. P. 15(a)(2). Even if the Court liberally construed Mr. Baltas's motion for an extension of time to file an Amended Complaint under Fed. R. Civ. P. 15(a)(1)(B) as a motion for leave to file an amended complaint under Fed. R. Civ. P. 15(a)(2), that motion did not comply with LR 7(f).

Rule 15(a)(2) requires the Court to "freely give leave [to file an amended complaint] when justice so requires," but a movant seeking leave to file an amended complaint under Rule 15(a)(2) must follow the Federal Rules of Civil Procedure, which required Mr. Baltas to obtain written consent from the opposing party or leave from the court, Fed. R. Civ. P. 15(a)(2), and he must follow the Local Rules, which specified that any motion for leave contain certain necessary information. *See* LR 7(f). Mr. Baltas did not do that.

Despite these shortcomings, "a court may deem an amended pleading submitted without permission to be properly filed, but may only do so if it determines that leave to amend, had it been sought, would have been granted." *Lyddy v. Bridgeport Bd. of Educ.,* No. 3:06CV1420(AHN), 2008 WL 2397688, at *3 (D. Conn. June 10, 2008) (citation omitted). "In making this determination, the court should consider whether the pleader acted in good faith, whether there was undue delay in filing the amendment, whether the opposing party would suffer undue prejudice, and whether the amendment raises meritorious claims." *Id.*

After considering these factors, the Court would not have granted leave to amend the Complaint. The "purpose of an amended complaint is 'to clarify or amplify the original cause of action, not add new causes of action.'" *Jordan v. Quiros*, No. 3:23-CV-254 (CSH), 2023 WL 5153614, at *1 (D. Conn. Aug. 10, 2023).

For reasons further explained below, the Amended Complaint does not raise meritorious claims because it merely re-alleges claims that were already dismissed in the Court's initial review order and adds new claims that should be brought in a separate lawsuit. It does not "clarify or amplify the original cause of action." Because Mr. Baltas's Amended Complaint exceeds its purpose, it cannot be considered to have been brought in good faith. The Amended Complaint would cause undue delay because it would cause the Defendants to move to dismiss the amended complaint. *See, e.g., Amaker v. Haponik*, 198 F.R.D. 386, 390 (S.D.N.Y. 2000) (denying motion to amend complaint where plaintiff's amended complaint containing new claims "would require the defendants to devote substantial additional resources to discovery and trial preparation and significantly delay the resolution of [plaintiff's] current claims."); *iMedicor, Inc v. Access Pharms., Inc.*, 290 F.R.D. 50, 53 (S.D.N.Y. 2013) (concluding that "assertion of plaintiff's new claims would both require defendant to expend significant additional resources to conduct discovery and prepare for trial, and significantly delay resolution of the dispute."); *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (noting leave to amend may be denied when amendment is "unlikely to be productive," such as when an amendment is "futile" and "could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)").

Further, the undue delay would prejudice the Defendants by unnecessarily prolonging this action. *See, e.g., Morales v. Rooney*, No. 3:06-CV-1556 (RNC), 2010 WL 11469915, at *1 (D. Conn. Mar. 31, 2010) (concluding that "[a]llowing plaintiff to amend after…undue delay would prejudice the defendant."); *Johnson v. City of New York,* 669 F.Supp.2d 444, 453 (S.D.N.Y.2009)

("[A]llowing the amendment would be unduly prejudicial to defendants who have already had to refile and rebrief their motion to dismiss once to accommodate [plaintiff]'s last amendment.").

Accordingly, the Court would not have granted leave to file the Amended Complaint, even if leave had been sought timely and properly.

### B. The Realleged Claims

The "law of the case" doctrine provides that "when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case, unless 'cogent' and 'compelling' reasons militate otherwise." *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002) (internal citations and quotations omitted). "The mere 'filing of an Amended Complaint does not entitle Plaintiff' to relitigate h[is] claims 'absent new factual allegations.' " *Doe v. New York City Dep't of Educ.*, 669 F. Supp. 3d 160, 164 (E.D.N.Y. 2023) (citing *Weslowski v. Zugibe*, 96 F. Supp. 3d 308, 316 (S.D.N.Y. 2015) (applying law of the case doctrine), *aff'd*, 626 F. App'x 20 (2d Cir. 2015)).

Defendants argue that "Plaintiff should be barred from reasserting any dismissed claims by law of the case." ECF No. 62 at 6.

The Court agrees.

Under the "law of the case" doctrine, Mr. Baltas cannot relitigate claims that were dismissed in the Court's initial review order simply by realleging them in an amended complaint. *See, e.g., Dumont v. Corr. Corp. of Am.*, No. 2:14-CV-209, 2017 WL 456463, at *1 (D. Vt. Feb. 2, 2017) (law of the case doctrine precluded plaintiff from raising previously dismissed claims in an amended complaint) (citing *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002) (noting that the "more flexible branch" of the law of the case doctrine holds "that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case, unless cogent and compelling reasons militate otherwise")).

Accordingly, even if Mr. Baltas's Amended Complaint had complied with Rule 15(a), the Court would not reconsider any claim that it had previously dismissed in its initial review order.

**C. The Misjoinder of Claims**

Under Fed. R. Civ. P. 21, "[t]he court may…sever any claims against a party." The decision whether to sever a claim 'is committed to the sound discretion of the trial court.'" *Costello v. Home Depot U.S.A., Inc.*, 888 F. Supp. 2d 258, 263 (D. Conn. 2012) (quotation omitted). When deciding whether to sever claims, "[c]ourts consider whether: (1) the claims arise out of the same transaction or occurrence; (2) the claims present some common question of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) prejudice would be avoided; and (5) different witnesses and documentary proof are required for the separate claims." *Id.* (citation omitted).

Defendants argue that Mr. Baltas's three new claims "should be severed pursuant to Fed. R. Civ. P. 21" and that "Plaintiff should bring them in a separate action" "[t]o the extent these claims are viable." ECF No. 62 at 8. In their view, "[n]one of [Mr. Baltas's new] claims relate to the 'same transaction or occurrence' [described in the original complaint]." *Id.* (bracketed material substituted or added for clarification). Mr. Baltas's claims in his original Complaint relate to events that occurred at Corrigan in the fall of 2022. *See* ECF No. 1 ¶¶ 31–156. Mr. Baltas's new claims relate to alleged retaliation that occurred after Defendants were served with this lawsuit in August of 2023, ECF No. 59 ¶¶ 156–64, and incidents with prison officials on November 1, 2023. *Id.* ¶¶ 165–82.

The Court agrees.

The events described in the new causes of action, occurring in August of 2023 and November of 2023, do not arise out of "the same transaction or occurrence" in fall of 2022. While there may potentially be common questions of law related to affirmative defenses (qualified

immunity, for example) between the claims, there are no common questions of fact because the incidents occurred approximately one year apart. It is too early in the litigation to determine whether settlement of the claims or judicial economy would be served by permitting joinder of the claims. There would be no prejudice to Mr. Baltas to severing the claims because he could raise them in a new lawsuit that would still be within the statute of limitations. *See Thompson v. Rovella*, 734 F. App'x 787, 788-89 (2d Cir. 2018) (statute of limitations for filing a § 1983 action in federal court in Connecticut is three years). And these new claims would involve different witnesses and documentary proof because they are based on a separate set of facts. These factors weigh in favor of severance.

Accordingly, even if Mr. Baltas's Amended Complaint complied with Rule 15(a), the Court would sever his new claims and would not consider them here.[2]

### III.  CONCLUSION

For the foregoing reasons, Mr. Baltas's Amended Complaint, ECF No. 57, is **DISMISSED.**

Mr. Baltas's original Complaint, ECF No. 1, remains the operative pleading.

SO ORDERED.

Dated this 23rd day of August, 2024, at New Haven, Connecticut.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge

---

[2] Defendants also argue that Mr. Baltas's new claims fail on the merits. ECF No. 62 at 8–10. The Court need not and will not reach that issue because his new claims should be severed and filed in a separate lawsuit. If these claims are brought in a new and separate lawsuit, then their merits can be addressed at that time.